IN THE CIRCUIT COURT FOR BALTIMORE CITY, MARYLAND

RIDGWAY N. MILLS
1127 MAINSAIL DRIVE
ANNAPOLIS, MARYLAND 21403

 Plaintiff,

v.

Case No. C-24-CV-25-008988

MAYOR AND CITY COUNCIL OF
BALTIMORE CITY
100 HOLIDAY STREET, SUITE 250
BALTIMORE, MARYLAND 21202

 Serve: Brandon M. Scott
   100 Holiday Street, Suite 250
   Baltimore, MD 21202

IVAN J. BATES
BALTIMORE CITY STATE'S ATTORNEY
120 EAST BALTIMORE STREET
9TH FLOOR
BALTIMORE, MARYLAND 21202

 Defendants.

## COMPLAINT

Ridgway N. Mills, Plaintiff, by and through his undersigned counsel, for his Complaint against Mayor and City Council of Baltimore City and Ivan J. Bates, hereby states as follows:

### PARTIES, JURISDICTION, & VENUE

1. Plaintiff is a resident of the State of Maryland.

2. Defendant, Mayor and City Council of Baltimore City is a political subdivision of the State of Maryland.

3. Defendant Ivan J. Bates is the Baltimore City State's Attorney.

4. The acts or omissions of defendants are the basis of this Complaint.

5. This Court has jurisdiction over this action pursuant to Md. Code Ann., Cts. & Jud. Proc. § 4-401 and Md. Code Ann. [St. Gov.] §20-601, et seq.

6. Venue is proper in the Circuit Court for Baltimore City, MD because the acts and omissions that form the basis of this complaint all occurred in Baltimore City, MD.

## FACTS OF THE CASE

7. Plaintiff was an employee of Defendant for almost 10 years, most recently employed as an Assistant State's Attorney.

8. At all times relevant to this Complaint, Defendant was the recipient of federal funds.

9. Plaintiff's job duties included preparing for and conducting criminal trials in the Circuit Court for Baltimore City.

10. On January 7, 2025, Plaintiff was involved in an automobile accident resulting in significant injuries to Plaintiff, including significant head injuries.

11. Plaintiff informed Defendant on or immediately after January 7, 2025 about the car accident and that he had suffered a concussion.

12. At the time of the injury, Plaintiff was performing the essential functions of his job to the satisfaction of Defendant.

13. As a result of the January 7, 2025 accident, Plaintiff was unable to work for a period of time.

14. Plaintiff notified Defendant on January 7, 2025 and again on January 27, 2025 that as a result of the injuries sustained in his car accident, he would be out of work for an extended period of time.

15. Plaintiff was eligible for up to 12 weeks of leave under the Family Medical Leave Act, which would have allowed to be out of work from January 7, 2025 through and including April 1, 2025.

16. In addition to leave under the FMLA, Plaintiff was entitled to a reasonable accommodation, including, but not limited to, additional leave, light duty, modified work schedule, reassignment to a less mentally and physically challenging position until he was fully recovered or such other reasonable accommodation as would allow him to perform the essential functions of his job.

17. Defendant knew of Plaintiff's disability shortly after January 7, 2025.

18. Rather than engage in an interactive dialogue with Plaintiff to determine what, if any accommodation was reasonable, Defendant decided to terminate Plaintiff on February 28, 2025.

19. Plaintiff filed a charge of wrongful termination with the Equal Employment Opportunity Commission on April 15, 2025, and cross filed the Charge with the Maryland Commission on Civil Rights, Charge No. 531-2025-3166.

20. EEOC issued a Notice of Right to Sue on August 7, 2025.

## COUNT I
## VIOLATION OF THE FAMILY MEDICAL LEAVE ACT

21. Plaintiff hereby realleges all of the facts contained in the Complaint.

22. The FMLA entitles eligible employees of covered employers to take unpaid, job-protected leave for specified family and medical reasons.

23. Section 105 of the FMLA and section 825.220 of the FMLA regulations prohibit the following actions:

- An employer is prohibited from interfering with, restraining, or denying the exercise of, or the attempt to exercise, any FMLA right.

- An employer is prohibited from discriminating or retaliating against an employee or prospective employee for having exercised or attempted to exercise any FMLA right.

24. Plaintiff took leave as a result of a serious medical condition (namely a severe concussion and post concussion syndrome as a result of his January 7, 2025 car accident).

25. As a result of the accident, Plaintiff was entitled to up to 12 weeks of leave, through April 1, 2025.

26. Plaintiff was improperly terminated on February 28, 2025, more than 4 weeks before his leave would expire, for exercising his FMLA rights.

27. Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's violation of the FMLA.

## COUNT II
## DISCRIMINATION ON THE BASIS OF DISABILITY
## VIOLATION OF THE ADA AND MARYLAND LAW

28. Plaintiff hereby realleges all of the facts contained in the Complaint.

29. Pursuant to the Americans with Disabilities Act and Maryland State Law, it is unlawful for an employer to subject an employee to discrimination and unequal terms and conditions of employment on the basis of his disability.

30. At all times relevant to this Complaint, Plaintiff was performing his duties within the reasonable expectation of his employer.

31. At all times relevant to this Complaint, Plaintiff was a qualified person with a disability capable of performing the essential functions of his job with or without an accommodation.

32. Defendant was aware of Plaintiff's disability, Plaintiff's need for treatment and Plaintiff's need for accommodations, including leave and possible reassignment for at least a temporary period of time

33. Taking leave is a reasonable accommodation.

34. Reassignment is a reasonable accommodation.

35. Upon learning that Plaintiff was suffering from a disability, Defendant was required to engage in an interactive dialogue with Plaintiff to determine what accommodation, if any, Plaintiff required to perform the essential functions of his job.

36. Plaintiff has suffered and continues to suffer harm and damages as a result of Defendant's actions and inaction.

## COUNT III
## VIOLATION OF THE REHAB ACT

37. Pursuant to the Rehabilitation Act, a program or activity, including any applicable employers, receiving federal financial assistance may not subject an individual to discrimination on the basis of his or her disability. 29 U.S.C. § 794(a).

38. Defendant is a program or activity as defined by Rehabilitation Act. 29 U.S.C. § 794(b).

39. Defendant has received federal financial assistance.

40. Plaintiff was, at all times relevant hereto, an employee of the Defendant.

41. Plaintiff was, at all times relevant hereto, a person with a disability by way, which impacted his daily living activities.

42. Plaintiff was a qualified individual for the employment in question, as he was a person who could have completed the essential functions of his employment with the Defendant with a reasonable accommodation.

43. Defendant was, at all times relevant hereto, aware of the Plaintiff's disability.

44. Therefore, Defendant is liable to Plaintiff for a violation of the Rehabilitation Act.

45. As a direct and proximate result of Defendant's discrimination and violation of the Rehabilitation Act, Plaintiff has sustained, and continues to sustain, damages, including lost wages.

WHEREFORE, Plaintiff respectfully requests that this Court:

A. For Count I, award Plaintiff economic damages in an amount not less than $200,000.00 and liquidated damages in the amount of $200,000.00;

B. For Count II, award Plaintiff economic damages in an amount not less than $200,000.00 and compensatory damages in the amount of $300,000.00;

C. For Count III, award Plaintiff economic damages in an amount not less than $200,000.00;

D. Award Plaintiff all of his costs associated with this matter, including attorneys' fees; and

E. Grant such other and further relief as this Court deems necessary based upon the facts and circumstances of this case.

## JURY TRIAL

Plaintiff requests that all matters in this case be tried by a jury.

Dated: October 28, 2025                    Respectfully Submitted,

*/s/Neil S. Hyman*
Neil S. Hyman, Esq.
AIS No.: 0006210196
Law Office of Neil S. Hyman
4520 East West Highway, Suite 700
Bethesda, Maryland 20814
(301) 841-7105
neil@neilhymanlaw.com
*Counsel for Plaintiff*